## Jacob Manz, Defendant in Error, v. Francis V. Walcott, Plaintiff in Error.

### Gen. No. 16,200.

VERDICTS—*how excessiveness may be cured.* If the verdict does not appear to have resulted from prejudice or other improper motive its excessiveness may be rectified by the entry of a *remittitur.*

Action in case. Error to the Municipal Court of Chicago; the Hon. McKENZIE CLELAND, Judge, presiding. Heard in the Branch

Manz v. Walcott, 168 Ill. App. 538.

Appellate Court at the March term, 1910.  Affirmed on *remittitur.*
Opinion filed March 14, 1912.  *Remittitur* filed March 19, 1912.

Charles A. Churan, for plaintiff in error.

Sol Levisohn, for defendant in error.

Mr. Justice McSurely delivered the opinion of the court.

This is an action on the case to recover for personal injuries sustained by Jacob Manz, hereafter called the plaintiff, caused by being struck by an automobile driven by Francis V. Walcott, hereafter called defendant.

In May, 1909, the plaintiff, Manz, was a passenger on a south-bound street car, which stopped near a cross street to permit him to alight.  He alighted from the front platform, and says he glanced north and south and saw nothing.  He then proceeded to walk towards the sidewalk.  When about half way from the car to the curb he was struck by an automobile driven by the defendant, which was going in a southerly direction along side the street car.  No warning by a horn or otherwise was given by the defendant as he approached the place in question.  He was not going very fast, and says that just as soon as he saw the plaintiff get off the street car he "turned on the brakes," and in the endeavor to avoid hitting the plaintiff directed the automobile towards the curb, hitting the curb, which turned the automobile "in like, towards the Lincoln avenue car."  "Just as we made that turn we struck him."  He further says the street was slippery with recent sprinkling, and that the automobile did not go six feet after it struck plaintiff.  He at once jumped out of the automobile, picked the plaintiff up and took him to his home.

There is much more evidence concerning the details of the accident, but from a consideration of the entire record we are not able to say that the trial court erred

in finding that the accident was caused by the negligence of the defendant, as charged, while the plaintiff was in the exercise of due care for his own safety.

It is claimed by the defendant that the damages awarded, $500, are excessive. The plaintiff was not run over by the automobile. He fell flat on his back and was helped up, but says he did not feel very much hurt at that time; was bruised on the legs and arms and in the small of his back. He was treated for these injuries about sixteen times by an osteopathic doctor, with massage and electric treatments, which cost him $32. He also paid $3 for a brace. There was no evidence of the reasonableness of the charges of the osteopath for his services. The plaintiff was 73 years old at the time of the accident. There is no evidence of any loss on account of inability, if any, to attend to his business. The osteopath says there was a slight "luxation of the last dorsal vertebra," which condition is much improved. There is no competent evidence as to whether this condition will be permanent.

We are of the opinion that an award of $500 for such injuries is clearly excessive. A fair and reasonable allowance would have been $200; to award more was error.

If, therefore, defendant in error shall remit the sum of $300 from the judgment within ten days, the judgment will be affirmed; otherwise, for the error indicated, the judgment will be reversed and the cause remanded.

*Affirmed on remittitur.*

*Remittitur* filed and judgment affirmed March 19, 1912.